Richard J. Cea, Esq. (RC-6301)
Kristen Williams(KW-5156)
Wingate, Kearney & Cullen, LLP
Attorneys for Defendants
45 Main Street, Ste. 1020
Brooklyn, New York 11201
Tel. (718) 852-5900
Fax. (718) 852-8168
rjcea@wkclaw.com
kwilliams@wkclaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CODY BUTLER,

                 Plaintiff,

-against-

ST. STANISLAUS KOSTKA CATHOLIC
ACADEMY AND THE DIOCESE OF BROOKYN

                 Defendants.

**ANSWER TO COMPLAINT**

**19-CV-03574 (RRM)(ST)**

Defendants, THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK s/h/a THE DIOCESE OF BROOKLYN (herein after referred to as the "Diocese") and ST. STANISLAUS CATHOLIC ACADEMY (hereinafter referred to as the "Academy") and together the Defendants are hereinafter referred to collectively as "Defendants", as and for their answer to Plaintiff's Complaint state:

1. No response is required with respect to Plaintiff's statements of the nature of the action and alleged claims, and Defendants refer all questions of law to the Court for determination. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint except to admit that Plaintiff was discharged upon violation of faith and morals and the teachings of the Roman Catholic Faith.

1

2. No response is required with respect to Plaintiff's statements as to the statutes that Plaintiff seeks relief herein, and Defendants refer all questions of law to the Court for determination. To the extent that a response is required as to factual allegations, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admit the allegations set forth in paragraph 4 of the Complaint.

5. Admit the allegations set forth in Paragraph 5 of the complaint but deny in that the referenced laws do not include religious entities in the practice and exercise of its religious beliefs.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Admit the allegations set forth in Paragraph 7 of the complaint but deny in that the referenced laws do not include religious entities in the practice and exercise of its religious beliefs.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. Neither admit nor deny the allegations contained in Paragraph 9 of the Complaint because it alleges a legal conclusion to which no response is required except admit that the Court has jurisdiction over the within proceedings.

10. Neither admit nor deny the allegations contained in Paragraph 10 of the Complaint because it alleges a legal conclusion to which no response is required except admit that the Court has pendent jurisdiction over the within proceedings except it denies this court has pendent jurisdiction over the State labor claims.

11. Defendants neither admit nor deny the allegations contained in Paragraph 11 of the Complaint because it alleges a legal conclusion to which no response is required except admit that the venue is proper because either the Defendants' residence or principal place of business is located within the Eastern District of New York.

12. Admit the allegations set forth in Paragraph 12 of the Complaint but not as to the Notice of Right to Sue being issues by the EEOC.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Admits the allegations in paragraph 16 of the Complaint but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint as to setting up his classroom.

17. Admits the allegations in paragraph 17 of the Complaint that Plaintiff attended an orientation on or about September 1, 2019 but deny any and all allegations of said paragraph.

18. Admits the allegations in paragraph 18 of the Complaint but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint as to Plaintiff's expectations in the last sentence of said Paragraph.

19. Deny the allegations in Paragraph 19 of the Complaint as Plaintiff was not terminated as his contract of employment was never fully executed. St. Stan's admits it

declined to enter into a contract of employment due to violation of the teachings of Catholic faith and morals which governed the Academy.

20. Deny the allegations in Paragraph 20 of the Complaint.

21. Deny the allegations in Paragraph 21 of the Complaint in that no monies were owed to Plaintiff.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint

23. Deny the allegations in Paragraph 23 of the Complaint.

24. Deny the allegations in Paragraph 24 of the Complaint in that Plaintiff represented that he attended Catholic Grammar Parochial School and Catholic High School.

25. Deny the allegations in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint and state the by-laws of the Academy do not prevent discrimination based upon religion which is the basis of the Defendants' actions.

27. Repeat and reiterate the answers to allegations in Paragraphs 1 to 26, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Repeat and reiterate the answers to allegations in Paragraphs 1 to 28, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Repeat and reiterate the answers to allegations in Paragraphs 1 to 30, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Repeat and reiterate the answers to allegations in Paragraphs 1 to 32, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Repeat and reiterate the answers to allegations in Paragraphs 1 to 34, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Repeat and reiterate the answers to allegations in Paragraphs 1 to 36, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Repeat and reiterate the answers to allegations in Paragraphs 1 to 38, inclusive, as though fully set forth at length herein as Defendants answer to the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

## GENERAL DENIAL

41. Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not been previously specifically admitted or, denied, or for which sufficient

knowledge or information has been denied. Each Defendant denies that it has unlawfully discriminated against Plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

42. The Complaint herein fails, in whole or in part, to state a cause of action upon which relief may be granted, including an award of attorneys' fees, costs, disbursements and/or interest as to the Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

43. The Roman Catholic Diocese of Brooklyn, New York is a religious corporation created and existing pursuant to the Religious Corporation Law of the State of New York.

44. The Diocese is a Roman Catholic entity whose purpose is the practice and propagation of the Roman Catholic Faith.

45. St. Stanislaus Kostka Catholic Academy is a Roman Catholic Elementary School duly charted by the New York State Board of Regents.

46. The Academy's application to the Regents of the University of the State of New York states:

> SECOND: The purpose for which the proposed corporation is to be formed is to operate a Roman Catholic elementary school within the geographic confines of The Roman Catholic Diocese of Brooklyn, New York.

47. The By-Laws of the Academy requires that the Academy remain Roman Catholic. The Academy has been and continues to be a Catholic institution as of the date of this Answer.

48. The proposed contract signed (the "Contract") by the Plaintiff required in part that both the Plaintiff and the Academy were to be involved in the ministry of teaching and conveying the Roman Catholic Faith. It further indicated that Plaintiff was essential to the ministry of conveying the Faith and that he was to teach and convey the Roman Catholic Faith by being a role model of the Catholic Faith to his students. Plaintiff was to include the Church's teachings within the content/subject matter of all subjects. The Plaintiff, as a teacher, was to incorporate objects of Catholic Faith into the learning environment and he would have religious articles displayed in the classroom at all times. Plaintiff would be required to not teach, advocate, encourage or counsel beliefs or practices contrary to the Catholic Faith. Plaintiff further agreed to teach and act according to the laws and precepts of the Roman Catholic Church and the Guiding-Principles for Catholic School Teachers as set forth in Section I of the Academy Teacher Personnel Handbook.

49. Section 1 of the Academy Teacher Handbook entitled "Guiding Principles For Catholic School Teachers states:

> **A. Guiding Principles for Catholic School Teachers**
>
> The TEACHER and the Academy is involved in the ministry of teaching and conveying the Roman Catholic Faith. The TEACHER is essential to the ministry of conveying the Faith. The Teacher is to teach and convey the Roman Catholic Faith by being a role model of the Catholic Faith to their students. The TEACHER is to support and exemplify by his/her public conduct Catholic Doctrine and Morality. The TEACHER is to include the Church's teachings within the content/subject matter of all subjects. The TEACHER is to incorporate objects of Catholic Faith into the learning environment and she/he will have religious articles displayed in the classroom at all times. The TEACHER shall not teach, advocate, encourage, or counsel beliefs or practices contrary to the Catholic Faith.
>
> "Teaching has an extraordinary moral depth and is one of man's most excellent and creative activities, for the teacher does not write on inanimate material, but on the very spirits of human beings." Sacred

7

Congregation for Catholic Education (1997) Catholic Schools on the Threshold of the Third Millennium (n.25)

As an educator in a Catholic school setting, each teacher is called to become personally involved by:

- being a practicing Roman Catholic

- embracing the ministry of the Roman Catholic school to share in the evangelizing mission of the Church

- advancing the philosophy of Roman Catholic education to promote the full development of the human person in faith and reason and stress the individual's vital relationship with Christ

- demonstrating an acceptance of Gospel values and the Roman Catholic tradition

- participating in the ongoing building and living of a Faith Community, not simply as a concept to be taught, but as a reality to be lived.

- being willing and able to teach and defend the dogmatic truths of the Roman Catholic Church in areas of Faith and morals as it pertains to the age appropriate classroom curriculum

The Church's educational mission also requires that each Roman Catholic school teacher share in the responsibilities for students' Catholic formation by:

- influencing their spiritual, moral, and cognitive development

- contributing to their sense of self-worth as human persons

- encouraging them to make Roman Catholic value judgments in the choices they make and to offer positive service to society

- fostering in them an apostolic consciousness

- demonstrating an appreciation for the multi-racial and multi-ethnic diversity in Brooklyn and Queens

- building relationships with their parents/guardians and pastoral leaders to create a common understanding and a unified effort in each student's development

50. The Roman Catholic Faith teaches that a marriage can only exist between a man and a woman. The Faith further teaches that sexual relations are only to occur between two individuals who are married to each other.

51. Plaintiff was offered a position, subject to a contract being signed, on or about August 27, 2015 by the Academy principal, without knowledge of his sexual orientation or intent to enter into a same sex marriage. Upon information and belief, Plaintiff willfully withheld this information though he was aware the teachings of the Roman Catholic Faith were in conflict with his intentions. Plaintiff attended a Roman Catholic parochial school and high school and thus had formal teaching and training in the tents of the Roman Catholic Faith. The source of this information is Plaintiff's resume that he provided in the application process.

52. When Plaintiff informed the Academy principal of his sexual orientation and his intent to enter into a same sex marriage, he was informing the Academy of his intent to breach his employment contract (anticipatory breach). Plaintiff was informed that on the basis of breaching Catholic faith and morals, the Academy could not engage him as a teacher.

53. The Free Exercise Clause of the First Amendment of the United States Constitution and in conjunction with the 14th Amendment as to the State of New York and its sub-divisions, bars this Court from scrutinizing and interfering with the employment actions of Defendants based upon religious beliefs when those actions involve conveying and/or practicing the Roman Catholic Faith.

54. The Establishment Clause of the First Amendment of the United States Constitution, and in conjunction with the 14th Amendment as to the State of New York and its sub-divisions, bars this Court from scrutinizing and interfering with the employment actions of Defendants based upon religious beliefs when those actions involve conveying and/or practicing the Roman Catholic Faith.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

55. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

56. The Ministerial Exception as defined by the U.S. Supreme Court in *Hosanna-Tabor Evangelical Lutheran Church & Sch v. EEOC*, 565 US 171 (2012) is a bar to the within action in that this Court is barred from interfering with the decision of Defendant(s) in choosing who will teach the Roman Catholic Faith and carry out the Mission of the Roman Catholic Church.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

57. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

58. The New York State Constitution (McKinney's Const. Art. 1 Sec. 3) bars this Court, as to State claims, from scrutinizing and interfering with the employment actions of Defendants based upon religious beliefs when those actions involve conveying and/or practicing the Roman Catholic Faith.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

59. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

60. The within action is barred by the exemptions to Title VII set forth in section 702 of Title VII and Section 703(e)(2) of Title VII.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

61. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

62. The Defendants herein are permitted to limit employment to practicing Roman Catholics in accordance with Executive Law of the State of New York Section 296 (11).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

63. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

64. The Defendants herein are permitted to limit employment to practicing Roman Catholics in accordance with New York City Human Rights Law, Administrative Code Section: 8-107 12

### AS AND FOR AN EIGHTH AFFIRMATIVE DFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

65. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

66. Plaintiff violated the terms and conditions of his employment agreement with defendant and was therefore terminated for cause.

### AS AND FOR A NINTH AFFIRMATIVE DFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

67. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

68.     The Plaintiff indicated that he did not intend to adhere to the code of conduct for teachers.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

69.     Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

70.     Plaintiff was afforded treatment that was the same as afforded to other individuals who were similarly situated as plaintiff and he was, therefore, not the subject of any discriminatory conduct on the part of defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

71.     Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

72.     Plaintiff's employment with Defendant Academy was not terminated as a result of his sexual orientation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

73.     Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

74.     Any and all decision made by Defendants affecting the Plaintiff's employment, or the terms and conditions thereof, were made in good faith, in compliance with their individual or joint obligations as required by law, and without malice or deliberate disregard of the law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

75. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

76. Plaintiff's claims are barred, in whole or in part, because Defendants, have established and complied with policies, programs and procedures for the prevention and detection of discriminatory and harassing practices by employees, agents and other persons employed by it; and further, the employees or agents charged with discrimination in the Complaint have a record of no, or relatively few, prior incidents of discrimination.

### AS AND FOR A FOURTEEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

77. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

78. Plaintiff's claims are barred, in whole or part as to each Defendant, because Plaintiff failed to adequately mitigate his alleged damages.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

79. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein.

80. Plaintiff is not entitled to punitive damages as Defendant(s) did not take any action, intentionally, maliciously, egregiously, recklessly or in bad faith that would entitle Plaintiff to punitive damages under Federal, State or City law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

81. Plaintiff's claims are barred as to the Diocese because Plaintiff was not an employee of the Diocese at any of the relevant times herein, nor was the Diocese an integrated employer with the Academy as those terms are defined for the applicable statutes herein.

82. Defendant, The Roman Catholic Diocese of Brooklyn, New York, at no relevant time herein employed controlled or supervised Plaintiff's employment and is, therefore, an improper party to this action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, DEFENDANTS ALLEGE:

83. Defendants re-allege and incorporate by reference all allegations in paragraphs 43 to 50, inclusive as if fully restated herein

84. This Complaint is brought in bad faith and should bar recovery in this action. The Plaintiff's prior knowledge of the teachings of the Roman Catholic Faith and knowledge of the employment terms of the contract were wrongfully exploited in an attempt to recover for alleged discrimination. This bad faith conduct precludes him from seeking relief, and the claims herein should be dismissed as Plaintiff has unclean hands.

WHEREFORE, Defendants demand judgment, to wit: dismissing the Complaint in its entirety with prejudice; granting judgment in their favor of Defendants on all causes of action; for recovery of attorneys' fees and the costs of this action; and, for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       August 23, 2019

*[signature]*
Richard J. Cea, Esq. (RC-6301)
Wingate, Kearney & Cullen, LLP
*Attorneys for Defendants*
45 Main Street, Ste. 1020
Brooklyn, New York 11201
(718) 852-5900

*[signature]*
Kristin Williams, Esq. (KW-5156)
Wingate, Kearney & Cullen, LLP
Attorneys for Defendants
45 Main Street, Ste. 1020
Brooklyn, New York 11201
(718) 852-5900

To: Kathleen Peratis
    Amy Biegelsen
    OUTTEN & GOLDEN LLP
    Attorneys for Plaintiff
    685 Third Avenue, 25th Floor
    New York, New York 10017
    (212) 245-1000