**OUTTEN & GOLDEN LLP**
Kathleen Peratis
Amy Biegelsen
Eliana Theodorou
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000
KP@outtengolden.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CODY BUTLER,<br><br>                            Plaintiff,<br><br>        v.<br><br>ST. STANISLAUS KOSTKA<br>CATHOLIC ACADEMY, AND<br>THE DIOCESE OF BROOKLYN,<br><br>                            Defendants. | **AMENDED COMPLAINT AND JURY DEMAND**<br><br>**No. 19 Civ. 3574** |

Plaintiff Cody Butler brings this suit against Defendants, St. Stanislaus Kostka Catholic Academy and the Diocese of Brooklyn, by and through his attorneys, Outten & Golden LLP, and hereby alleges and complains, upon his own knowledge as follows:

### NATURE OF CLAIMS

1.      In 2015, St. Stanislaus Kostka Catholic Academy ("St. Stan's") hired Plaintiff Cody Butler ("Plaintiff" or "Mr. Butler") to teach 7th and 8th grade English and social studies. After beginning work, Mr. Butler disclosed to St. Stan's that he "plan[ned] on marrying [his] boyfriend eventually." On instruction from the Diocese of Brooklyn ("the Diocese"), St. Stan's fired Mr. Butler immediately for what it called a "violation of the Catholic faith and morals."

2. Mr. Butler brings this claim for discrimination based on sex and sexual orientation, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); and the New York City Human Rights Law, N.Y. Admin. Code § 8-107 ("NYCHRL"). He also makes claims for unpaid wages, pursuant to N.Y. Lab. Law § 652. Mr. Butler seeks economic and compensatory damages, injunctive and declaratory relief, punitive damages, liquidated damages, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to Title VII and the laws of the state and city of New York.

## PARTIES

3. Mr. Butler resides in Queens, New York.

4. St. Stan's is located in Brooklyn, New York.

5. St. Stan's is an employer or agent within the meaning of that term under Title VII, the NYSHRL, the NYCHRL, and the New York Labor Law.

6. The Diocese is located in Brooklyn, New York.

7. The Diocese is an employer or agent within the meaning of that term under Title VII, the NYSHRL, the NYCHRL, and the New York Labor Law.

8. Upon information and belief, St. Stan's and the Diocese each employ more than 15 people.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the Title VII claim pursuant to 28 U.S.C. § 1331, as this matter arises under the laws of the United States.

10. This Court has supplemental jurisdiction over Mr. Butler's NYSHRL, NYCHRL, and wage claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3) because Defendants conduct business and can be found in this district.

12. On April 1, 2016 Mr. Butler filed a Charge against St. Stan's with the New York City Human Rights Commission ("NYCHRC"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on sex and retaliation. Plaintiff received a Notice of Right to Sue from the EEOC on March 25, 2019.

## FACTUAL ALLEGATIONS

13. Mr. Butler grew up in Queens, New York and attended Catholic grammar and high schools there.

14. In 2015, Mr. Butler graduated from Hunter College with a degree in the classics.

15. Mr. Butler was delighted when, on August 27, 2015, St. Stan's offered him a position as a 7th and 8th grade English and social studies teacher. He had offers for interviews with other schools, but turned them all down after St. Stan's made its offer.

16. Over the next week, St. Stan's gave Mr. Butler a set of keys to the school and fingerprinted him so that he could use the school's electronic system to clock in and out. He spent time setting up his classroom.

17. On September 1, 2015, Mr. Butler attended a new teacher orientation at the Dioceses that included what seemed to be anti-gay messages about the dangers of leading a "double life," and how the teachers shouldn't hide things about their "lifestyle." He did not want to hide things about himself at work, and he knew that with his lifelong church membership and network of contacts there was no point in trying to keep his sexual orientation a secret.

18. The next day, Mr. Butler emailed St. Stan's principal, Christine Cieloszczyk. He wrote that he wanted to teach the kids at St. Stan's "more than anything," but the tone of the

3

orientation left him feeling "wounded and unwanted" because he is "homosexual and plan[ned] on marrying [his] boyfriend eventually." Mr. Butler expected St. Stan's to accept this news, because he had been accepted as an out high school student, and had sat in classrooms led by openly gay teachers. He received no response to his email and continued preparing for the school year.

19. On September 8, 2015, St. Stan's held a "professional training" day. When Mr. Butler arrived, Ms. Cieloszczyk asked him to come into her office and handed him a letter dated September 3, 2015. Ms. Cieloszczyk told Mr. Butler that the Diocese had instructed her to send it, but for some reason it had never arrived at his address. The letter terminated Mr. Butler's employment "due to the violation of the Catholic faith and morals" of the school.

20. Mr. Butler was humiliated and devastated that members of the church he had grown up in would treat him in this fashion.

21. The school never paid Mr. Butler for the time he worked preparing his class room and lessons, or the time he spent at the trainings.

22. At no time did Mr. Butler hold himself out to the public as a minister.

23. At no time did Defendants call Mr. Butler a minister, require that Mr. Butler hold the title of minister, or hold Mr. Butler out to the public as a minister or indicate that it would.

24. Mr. Butler has had no significant formal religious training and Defendants never asked him if he had.

25. Nothing in the advertisement for Mr. Butler's position, the interview for the position, or the onboarding process indicated that he was expected to convey religious teachings to the students. Instead, there were designated "religion" teachers on the faculty.

26. Defendants required Mr. Butler to sign a boilerplate contract that includes a blanket assertion that teachers are responsible for conveying the faith. However, none of Defendants' job description or curriculum materials that apply specifically to the job for which Mr. Butler was hired, nor, on information and belief, no relevant facts, reflect that the job included any role in conveying the defendant's religious message. The St. Stan's bylaws state that it "recognizes the rights of all persons to equal opportunity in employment" and "shall not at any time discriminate against any employee . . . because of . . . sex."

27. Mr. Butler has suffered great emotional injury including psychological pain and suffering on account of the conduct alleged herein.

## FIRST CAUSE OF ACTION
**Intentional Discrimination on the Basis of Sex against St. Stan's and the Diocese
(Title VII, 42 U.S.C. § 2000e *et seq*.)**

1. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

2. On account of the conduct alleged herein, Defendants discriminated against Mr. Butler because of sex in violation of Title VII.

## SECOND CAUSE OF ACTION
**Retaliation against St. Stan's and the Diocese
(Title VII, 42 U.S.C. § 2000e *et seq*.)**

3. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

4. On account of the conduct alleged herein, Defendants knowingly retaliated against Mr. Butler in violation of Title VII.

## THIRD CAUSE OF ACTION
**Intentional Discrimination on the Basis of Sexual Orientation against St. Stan's and the Diocese**
**(NYSHRL, N.Y. Exec. Law § 296 *et seq*.)**

5. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

6. On account of the conduct alleged herein, Defendants discriminated against Mr. Butler because of sexual orientation in violation of the NYSHRL.

## FOURTH CAUSE OF ACTION
**Retaliation against St. Stan's and the Diocese**
**(NYSHRL, N.Y. Exec. Law § 296 *et seq*.)**

7. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

8. On account of the conduct alleged herein, Defendants knowingly retaliated against Mr. Butler in violation of the NYSHRL.

## FIFTH CAUSE OF ACTION
**Intentional Discrimination on the Basis of Sexual Orientation against St. Stan's and the Diocese**
**(NYCHRL, N.Y. Admin. Code § 8-107 *et seq*.)**

9. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

10. On account of the conduct alleged herein, Defendants discriminated against Mr. Butler because of sexual orientation in violation of the NYCHRL.

## SIXTH CAUSE OF ACTION
**Retaliation against St. Stan's and the Diocese**
**(NYCHRL, N.Y. Admin. Code § 8-107 *et seq*.)**

11. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

12. On account of the conduct alleged herein, Defendants knowingly retaliated against Mr. Butler in violation of the NYCHRL.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Wages against St. Stan's and the Diocese
### (New York Labor Law, N.Y. Lab. Law § 190 *et seq.*)

13. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

14. On account of the conduct alleged herein, Defendants willfully failed to pay Mr. Butler for the hours he worked in violation of the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Butler respectfully requests that this Court enter an award:

A. Declaring that the acts and practices complained of herein are in violation of Title VII, the NYSHRL, the NYCHRL, and New York Labor Law;

B. Enjoining and permanently restraining these violations of Title VII, the NYSHRL, the NYCHRL, and New York Labor Law; and directing that Defendants take such affirmative action as is necessary to ensure that the effects of its unlawful employment practices are eliminated;

C. Awarding Plaintiff back pay, front pay, and compensatory damages on all causes of action in amounts to be determined at trial;

D. Awarding Plaintiff punitive and liquidated damages for Defendants' malicious, reckless, and willful conduct, in amounts to be determined at trial;

E. Awarding Plaintiff pre-judgment interest (continuing to accrue at a rate of 9% per year);

F. Awarding Plaintiff post-judgment interest;

G. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

H. Granting such other and further relief as the Court deems just, equitable and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: New York, New York
   December 20, 2019

By: _____
Kathleen Peratis

**OUTTEN & GOLDEN LLP**
Kathleen Peratis
Amy Biegelsen
Eliana Theodorou
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000
KP@outtengolden.com

*Attorneys for Plaintiff*

8